IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES THORNSBURY,

      Plaintiff,

v.                                        Case No. 22-2307-JWB

STATE OF KANSAS, LAURA BREWER,
and JENNIE LEACH,

      Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' unopposed motion to set aside clerk's entry of default. (Doc. 18.) Defendants simultaneously filed a memorandum in support of their motion. (Doc. 19.) Defendants also request additional time, up to and including January 20, 2023, to file their answers. For the reasons stated herein, Defendants' motion is GRANTED. Defendants may file their responsive pleading on or before January 23, 2023.

    **I.**    **Background**

Plaintiff filed this complaint alleging discrimination in employment on August 4, 2022. (Doc. 1.) Defendant State of Kansas filed a motion to dismiss for failure to state a claim on October 17, 2022. (Doc. 6.) Plaintiff filed an amended complaint on October 28, 2022, to resolve the defects in the original complaint and to add two new defendants, Laura Brewer and Jennie Leach. (Doc. 9.) Brewer was served on December 13, 2022 (Doc. 13) and Leach was served on December 16, 2022 (Doc. 14). Neither individual defendant filed a responsive pleading.

On January 18, 2023, Plaintiff filed an application for clerk's entry of default and clerk's entry of default was entered the same day. (Docs. 15, 17.) Defendants now move to set aside the clerk's entry of default and Plaintiff does not oppose the motion. (Doc. 18.)

## II. Standard

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In deciding whether to vacate the clerk's entry of default, the court can consider: "(1) whether the defendant's culpable conduct led to the default; (2) whether plaintiff will be prejudiced by setting aside the entry of default; and (3) whether defendant has a meritorious defense." *Meissner v. BF Labs Inc.*, Case No. 13-2617-RDR, 2014 WL 590377, *1 (D. Kan. Feb. 14, 2014).

## III. Analysis

First, the court considers Defendants' culpability which led to the default. As Defendants' counsel explains, the failure to answer or otherwise respond to the amended complaint was a result of counsel's health issues, as well as calendaring and staffing issues at counsel's office. (Doc. 19 at 2.) This factor weighs in favor of setting aside the clerk's entry of default.

The next factor to consider is whether Plaintiff will be prejudiced by setting aside the clerk's entry of default. As defense counsel notes, the clerk's entry of default was very recent and Plaintiff does not oppose Defendants' motion. (*Id.* at 3.) This factor weighs in favor of setting aside the clerk's entry of default.

Last, the court considers whether Defendants have a meritorious defense. Without weighing in on the merits, the court notes that Defendants intend to assert qualified immunity, which may be a meritorious defense. This factor weighs in favor of setting aside the clerk's entry of default.

Overall, the factors all weigh in favor of setting aside the clerk's entry of default.

## IV. Conclusion

For the reasons stated, Defendants' motion to set aside clerk's entry of default is GRANTED. The clerk's entry of default is set aside. Defendants' motion for extension to file a

responsive pleading is GRANTED.  Defendants are granted up to and including January 23, 2023 to answer or otherwise respond to Plaintiff's amended complaint.

IT IS SO ORDERED this 20th day of January, 2023.

                                                                                       s/ John W. Broomes  
                                                                              JOHN W. BROOMES  
                                                                              UNITED STATES DISTRICT JUDGE