IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES THORNSBURY, )<br>                Plaintiff, )<br>                          )<br>v.                           )<br>                           )<br>STATE OF KANSAS, )<br>LAURA BREWER, and )<br>JENNIE LEACH )<br>                Defendants. )<br>_____ ) | Case No.: 22-cv-02307-JWB-GEB |

**INDIVIDUAL DEFENDANTS BRIEF IN SUPPORT OF THEIR MOTION
FOR JUDGMENT ON THE PLEADINGS**

COME NOW the individual Defendants, Laura Brewer and Jennie Leach, pursuant to Fed. R. Civ. P. 26(c) and submit the following arguments and authorities in support of their Motion for Judgment on the Pleadings filed simultaneously herewith.

**Qualified Immunity**

"[P]ublic officials enjoy qualified immunity in civil actions that are brought against them in their individual capacities and that arise out of the performance of their duties. *See Anderson,* 483 U.S. at 638, 107 S.Ct. 3034. "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Lewis,* 604 F.3d at 1225 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)) (internal quotation marks omitted). And because it is "the norm" in private actions against public officials, officials enjoy a presumption of immunity when the defense of qualified immunity is raised. *Id.* (quoting *Harlow,* 457 U.S. at 807, 102 S.Ct. 2727) (internal quotation marks omitted)"

*Pahls v Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013).

The individual Defendants assertion of qualified immunity in their answer and this motion creates the presumption that they are immune from suit. The Amended Complaint does not contain allegations sufficient to overcome this presumption.

Count II alleges that Plaintiff sent an email to Human Resources complaining that Defendant Leach violated a Johnson County Health Department order and a Governor's Executive Order by failing to wear a mask in the workplace; that Human Resources forwarded that complaint to Defendant Brewer; that Defendant Leach subsequently terminated Plaintiff's employment; that "upon information and belief" the termination decision was made jointly with Defendant Brewer in retaliation for "plaintiff's report of Defendant Brewer's violation of the law". (In Count I plaintiff alleges that he was terminated because of his sex.) These allegations are not sufficient to establish that the individual Defendants violated a constitutional or federally protected right of Plaintiff that was clearly established at that time such that any reasonable official would have understood that such conduct constituted a violation of that right.

## Failure to Exhaust Administrative Remedies

Paragraph 11 of the Amended Complaint alleges: "On October 1, 2021, plaintiff filed a Charge of Discrimination against Defendant State of Kansas with the EEOC alleging Sex Discrimination and alleging the [*sic*] sex was the motivating factor in his termination." It does not allege that a Charge of Discrimination was filed against the individual Defendants nor does it allege that any charge alleging retaliation was filed. ""A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks omitted)." *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166,

1181 (10th Cir. 2018).  Thus, Plaintiff failed to exhaust administrative remedies with respect to the claims asserted against the individual Defendants.

Plaintiff also failed to exhaust administrative remedies by failing to file this action against the individual Defendants within 90 days after the EEOC right to sue letter was issued. The Amended Complaint alleges the right to sue letter was issued on June 23, 2022.  The individual Defendants were not named as defendants in the initial Complaint.  They were first of named as Defendants filed October 28, 2022, 127 days after EEOC issued the Notice of Right to Sue.  Therefore Plaintiff failed to exhaust administrative remedies with respect to the individual Defendants by failing to timely file suit against them.

## Conclusion

As explained above, the individual Defendants are entitled to judgment on the pleadings in their favor because they are immune from suit under the doctrine of qualified immunity and because plaintiff failed to exhaust administrative remedies by failing to file a Charge of Discrimination against them and by subsequently failing to timely file suit against them.

WHEREFORE, for the above and foregoing reasons and of those set forth in their Motion for Judgment on the Pleadings, the individual Defendants Laura Brewer and Jennie Leach respectfully request this motion be granted and an order entered granting judgment in their favor on all claims asserted against them, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS KOBACH

/s/*Stanley R. Parker*
Stanley R. Parker, KS #10971
Carrie A. Barney, KS #22872
Assistant Attorneys General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-8423
             (785) 368-6695
Fax:    (785) 291-3767
Email: stanley.parker@ag.ks.gov
            carrie.barney@ag.ks.gov
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2023, I electronically filed the above and foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will send a notice of electronic filing to all counsel of record.

Stephen C. Thornberry
Randall W. Brown
Thornberry Brown, LLC
4550 Main Street, Suite 205
Kansas City, MO  64111
*Attorneys for Plaintiff*

/s/ *Stanley R. Parker*
Stanley R. Parker